**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

XIARI XUE                                          CIVIL ACTION NO. 26-1958

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

LIZA BOWEN                                         MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Before the Court is a Motion for Stay of Removal (Record Document 2) filed by Petitioner, Xiari Xue ("Petitioner"). Petitioner is presently detained by Immigration and Customs Enforcement ("ICE") at Richwood Correctional Center and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his continued detention. See Record Document 1. In the present Motion, Petitioner requests that the Court stay his removal while the Habeas petition remains pending. See Record Document 2.

An applicant for a temporary restraining order ("TRO") or preliminary injunction[1] must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest.  See Misquitta v. Warden Pine Prairie ICE Processing Ctr., 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district

---

[1] This filing seeks injunctive relief preventing Petitioner's removal. Accordingly, although it is styled as a "Motion for Stay of Removal" rather than a motion for temporary restraining order, the Court applies the same standards governing requests for preliminary injunctive relief.

court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, No. 1:25-cv-00706, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Thus, this Court is without jurisdiction to grant Petitioner's request to restrain Respondents from removing him from the United States while he seeks review of his Habeas petition. See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

2

Further, the Court notes that the habeas petition itself challenges Petitioner's continued detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), and seeks release from custody. The merits of that claim will be addressed through the ordinary course of these proceedings. Petitioner has not demonstrated that a stay of removal is necessary to preserve the Court's ability to adjudicate the issues presented in the petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Stay of Removal (Record Document 2) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of June, 2026.

_____

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT