**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| XIARI XUE | CIVIL ACTION NO. 3:26-1958 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LIZA BOWEN | MAGISTRATE JUDGE DAVID J. AYO |

**JUDGMENT**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Xiari Xue ("Petitioner"). See Record Document 1.

At the time of filing, Petitioner was an immigration detainee in Richwood Correctional Center in Monroe, Louisiana. On June 20, 2025, Petitioner was ordered removed to China. On August 11, 2025, an immigration judge denied Petitioner's application for immigration relief and ordered Petitioner's removal. Petitioner appealed the immigration judge's decision, and the Board of Immigration Appeals dismissed her appeal on May 18, 2026. See Record Document 6. According to the Declaration of Supervisory Detention and Deportation Officer Brant McCullough:

> On July 6, 2026, Petitioner's removal from the United States to China was carried out via flight departing from Dallas Fort Worth International Airport (DFW) and arriving at Shanghai Pudong International Airport (PVG).

Record Document 6-1 at ¶ 8.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). If a controversy becomes moot,

the case must be dismissed for lack of jurisdiction. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Id.

An alien who has been finally removed from the United States is not "in custody" as required for a court to have the power to grant a writ of habeas corpus. See Merlan v. Holder, 667 F.3d 538 (5th Cir. 2011) (per curiam); Dien Thanh Ngo v. Johnson, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), report and recommendation adopted, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Accordingly, **IT IS ORDERED** that the Petition is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE